UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
PETER TINKHAM and              )
JULIET ALEXANDER               )
              Plaintiffs,      )
                               )
        v.                     )
                               )
STATE FARM FIRE AND CASUALTY COMPANY )   CIVIL ACTION
              Defendant.       )         No. 12-11610
                               )
_____)
```

YOUNG, D.J.                                        December 6, 2013

### ORDER

On July 24, 2013, the plaintiffs, Peter Tinkham and Juliet Alexander (collectively, the "Plaintiffs"), moved for summary judgment in this matter. Pls.' Mot. Summ. J., ECF No. 33. A hearing on the Plaintiffs' motion was scheduled on October 10, 2013. ECF No. 79. At the hearing, the Plaintiffs, who were proceeding pro se, advised the Court that they would like to retain counsel. Elec. Clerk's Notes, Oct. 10, 2013, ECF No. 79. The Court granted the Plaintiffs thirty days to retain counsel. Id. The Court informed the Plaintiffs that if they did not retain counsel, the Court would rule on their motion for summary judgment on the papers. Id. On November 20, 2013, the Plaintiffs advised the Court that they had been unable to retain counsel. Pls.' Mem. Status Quo & Status Ante Quo Concerning Mot. Summ. J. 1-5, ECF No. 88. The Plaintiffs also requested

1

that the Court issue a decision on their motion for summary judgment.  Id. at 18.

Summary judgment is granted when the moving party establishes that "there is no genuine dispute as to any material fact" and thus that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  When deciding a motion for summary judgment, the Court must make all reasonable inferences in favor of the nonmoving party.  Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). Drawing all reasonable inferences from Plaintiffs' submissions in favor of State Farm Fire and Casualty Company, the Court concludes that there are material factual disputes in this matter and therefore that the Plaintiffs cannot be granted judgment as a matter of law.  Accordingly, this Court DENIES the Plaintiffs' motion for summary judgment, ECF No. 33.  The Court's denial of the Plaintiffs' motion is without prejudice.

**SO ORDERED.**

*William G. Young*
WILLIAM G. YOUNG
DISTRICT JUDGE